**WO**                                                                              SC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley, | No. CV 08-2168-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Damian Dudley, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  (Doc.# 1, 3.)  Plaintiff's Complaint will be dismissed without leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. Id. § 1915(b)(1). The Court will not assess an initial partial filing fee.  Id. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. Id. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4    be granted, or that seek monetary relief from a defendant who is immune from such relief.

5    Id. § 1915A(b)(1),(2).   If the Court determines that a pleading could be cured by the

6    allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

7    before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

8    (*en banc*).  Plaintiff's Complaint will be dismissed without leave to amend because the

9    Complaint cannot be amended to state a claim.

10   **III.    Complaint**

11           Plaintiff alleges three counts for denial of a preliminary hearing, denial of access to

12   the courts, and violation of due process.  Plaintiff sues Maricopa County; Maricopa County

13   Sheriff Joe Arpaio; Maricopa County Attorney Andrew Thomas; Deputy County Attorney

14   Cynthia Gialketsis; Superior Court Judge John Doe; and Phoenix Police Officers David

15   Tucek and Toby Dunn.  Plaintiff seeks compensatory, punitive, and declaratory relief.

16           Plaintiff alleges the following facts except as otherwise indicated:  On May 2, 2007,

17   officers Tucek and Dunn arrested Plaintiff, without a warrant, for kidnapping, robbery, and

18   aggravated assault and booked him into the Fourth Avenue Jail.  On May 3, 2007, Plaintiff

19   was taken before Superior Court Commissioner Sheila Madden for an initial appearance and

20   a preliminary hearing was set for May 11.  The County Attorney filed a motion to continue

21   the preliminary hearing and a Superior Court Commissioner granted a continuance until May

22   14, 2007.[1]  On May 14, 2007, Plaintiff was indicted by a grand jury.  The same day, Deputy

23   County Attorney Gialketsis filed a notice to vacate the preliminary hearing based on the

24   indictment, which was granted.[2]  Plaintiff was arraigned on May 23, 2007.[3]  On April 10,

25

26           [1] See http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2674336.pdf.

27           [2] See http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2679285.pdf.

28           [3] See http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2692600.pdf.

2008, Plaintiff was convicted by a jury of robbery, kidnapping, and aggravated assault.[4] Plaintiff is currently scheduled to be sentenced on January 13, 2009.[5]  Plaintiff contends that the County Attorney's motion to continue the preliminary hearing, the court's granting of the continuance, the Deputy County Attorney's notice to vacate the continued preliminary hearing, and the court's vacatur of the preliminary hearing violated his Fourth, First, and Fourteenth Amendment rights.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989) (citing Rinker v. County of Napa, 831 F.2d 829, 831 (9th Cir. 1987)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    Sheriff Arpaio**

Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles., 294 F.3d 1186, 1188 (9th Cir. 2002).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List,

---

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/042008/m3145715.pdf.

[5] See http://www.courtminutes.maricopa.gov/docs/Criminal/122008/m3476667.pdf.

1  880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable

2  for constitutional violations of his subordinates if the supervisor participated in or directed

3  the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d

4  at 1045.

5      Plaintiff fails to allege any facts against Sheriff Arpaio.  Plaintiff has not alleged that

6  Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of

7  Plaintiff's constitutional rights.  Further, Plaintiff has not alleged that Arpaio directly violated

8  his constitutional rights or that he was aware that Plaintiff's rights were being violated but

9  failed to act.  Thus, Plaintiff fails to state a claim against Arpaio in his Complaint.

10      **B.      Andrew Thomas and Cynthia Gialketsis**

11      Plaintiff sues Maricopa County Attorney Thomas and Deputy County Attorney

12  Gialketsis for seeking a continuance of the preliminary hearing and then filing a notice to

13  vacate the preliminary hearing after he was indicted by a grand jury.  Both Defendants are

14  entitled to absolute prosecutorial immunity for these acts.  Prosecutors are absolutely immune

15  from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the

16  State's case" insofar as that conduct is "intimately associated with the judicial phase of the

17  criminal process."  Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v.

18  Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting

19  Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing

20  Imbler, 424 U.S. at 427).  Immunity extends to a prosecutor "eliciting false or defamatory

21  testimony from witnesses or for making false or defamatory statements during, and related

22  to, judicial proceedings."  Buckley, 509 U.S. 259, 270 (1993) (citations omitted).  Plaintiff's

23  allegations solely concern conduct in connection with a prosecution and, therefore, these

24  Defendants are entitled to immunity.

25      **C.      Superior Court Judge John Doe**

26      Plaintiff sues Superior Court Judge John Doe for granting the prosecution's motion

27  to continue the preliminary hearing and for vacating the preliminary hearing based on

28  issuance of an indictment.  Judges are absolutely immune from damages for all judicial acts

performed within their subject matter jurisdiction, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citation omitted); <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1079 (9th Cir.), <u>cert. denied</u>, 126 S.Ct. 2864 (2006); <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1012 (9th Cir. 2000).  An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in the judge's judicial capacity.  <u>Stump</u>, 435 U.S. at 362; <u>Crooks v. Maynard</u>, 913 F.2d 699, 700 (9th Cir. 1990) (citing <u>Stump</u>, 435 U.S. at 362).  Such immunity also "extends to actions for declaratory, injunctive and other equitable relief."  <u>Mullis v. Bankr. Court for the Dist. of Nev.</u>, 828 F.2d 1385, 1394 (9th Cir. 1987).  <u>Cf.</u> <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-42 (1984) (state officials have judicial or quasi-judicial immunity from damages only).

Plaintiff only sues the fictitiously-named Superior Court judge for acts taken in the judge's judicial capacity.  Even if properly named, such Defendant is entitled to absolute judicial immunity for those acts.  For these reasons, Plaintiff fails to state a claim against Superior Court Judge Doe.

### D.    Tucek and Dunn

Plaintiff sues Phoenix Police Officers Tucek and Dunn.  Plaintiff alleges in Count I that they arrested him without a warrant.[6]  The failure to state a claim includes a claim to which the abstention doctrine applies.  <u>See</u> <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1224 (9th Cir.), <u>cert denied</u>, 126 S. Ct. 2332 (2006); <u>Smith v. Cent. Ariz. Water Conservation Dist.</u>, 418 F.3d 1028, 1030 (9th Cir. 2005).  The abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), prevents a federal

---

[6] Under the Fourth Amendment, a warrantless arrest requires probable cause.  <u>See</u> <u>Michigan v. Summers</u>, 452 U.S. 692, 700 (1981).  Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.  <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964) (citations omitted).  Plaintiff fails to allege any facts to support that these Defendants lacked probable cause to believe that he committed the offenses for which he was arrested, but even if he had, the abstention doctrine applies.

court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The <u>Younger</u> abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. <u>Mann v. Jett</u>, 781 F.2d 1448, 1449 (9th Cir. 1986). In addition, the <u>Younger</u> abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted. <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 369 (1989).

As noted above, Plaintiff has been convicted but has not yet been sentenced. There is no reason Plaintiff cannot present his claims against Tucek and Dunn in the criminal proceedings or in appeals therefrom, and disruption by a federal court is not required. Plaintiff's claims against Tucek and Dunn will be dismissed pursuant to the abstention doctrine.

**E.    Count I**

In Count I, Plaintiff alleges that his Fourth Amendment rights were violated by the County Attorney's motion to continue the preliminary hearing, the court's granting of the continuance, the County Attorney's notice to vacate the continued preliminary hearing, and the court's vacatur of the preliminary hearing because Plaintiff was not afforded a prompt determination of probable cause for his arrest. Under the Fourth Amendment, there must be a reasonably prompt judicial determination of probable cause following a warrantless arrest "as a prerequisite to extended restraint on liberty following arrest." <u>Gerstein v. Pugh</u>, 420 U.S. 103, 114 (1975). A probable cause determination pursuant to <u>Gerstein</u> must be made by a neutral magistrate, but an adversary hearing is not required.[7] <u>Id.</u> A <u>Gerstein</u> probable

---

[7] The standard for probable cause to arrest are "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" <u>Id.</u> at 111-12 (quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964)). The Constitution does not, however, require a preliminary hearing if an indictment has been returned by the grand jury. <u>Id.</u> at 119 ("[W]e do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute. Instead, we adhere to the Court's prior holding that a judicial hearing is not prerequisite to prosecution by information. … <u>Lem Woon v. Oregon</u>[, 229 U.S. 586, 589-90 (1913)])."

cause hearing conducted within 48 hours of arrest is considered presumptively reasonably prompt for purposes of the Fourth Amendment. <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991); <u>see also</u> <u>Powell v. Nevada</u>, 511 U.S. 79, 80 (1994); <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1201-1202 (9th Cir. 2003).

In this case, Plaintiff alleges that he appeared before a magistrate for his initial appearance within 48 hours of his warrantless arrest.[8]  Plaintiff fails to state a claim for violation of his Fourth Amendment rights because a magistrate made a reasonably prompt determination of probable cause for his arrest.  Plaintiff was not otherwise entitled to a preliminary hearing under the Fourth Amendment, or for that matter under the due process clause of the Fourteenth Amendment, where he was indicted by a grand jury.[9]  Plaintiff therefore fails to state a claim in Count I.  Further, even if Plaintiff had stated a claim, the claim would be subject to dismissal pursuant to the abstention doctrine as discussed above.

**F.    Count II**

---

[8]  In <u>Gerstein</u>, the Supreme Court:

> noted that a state could use a preliminary hearing to fulfill [the] Fourth Amendment prerequisite [for a probable cause determination for a warrantless arrest], but to do so, the preliminary hearing would have to be held promptly. In <u>Riverside County v. McLaughlin</u>, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the Court held that "promptly" for this purpose did not extend beyond 48 hours (barring exceptional circumstances). Since preliminary hearings cannot be held so promptly, the states have not used preliminary hearings to satisfy the <u>Gerstein</u> requirements.  Even in jurisdictions in which preliminary hearings are regularly held, the magistrate will make a separate <u>Gerstein</u> determination of probable cause, usually at or just before the first appearance . . . .

4 Wayne R. LaFave, et al., <u>Criminal Procedure</u>, § 14.2(a), n. 5 (3d ed. 2008).

[9]  As recently explained by the Arizona Court of Appeals, "The purpose of a preliminary hearing is to determine whether the prosecution's case establishes probable cause" for a *prosecution*. <u>Segura v. Cunanan</u>, — P.3d —, 2008 WL 1822308 at * 5 (Ariz. App. Apr. 24, 2008).  Alternatively, the prosecution may establish probable cause for a *prosecution* by obtaining a grand jury indictment. <u>Id.</u> Indeed, "[a] supervening indictment eliminates a defendant's right to a preliminary hearing on a prior complaint." <u>Id.</u>

1       In Count II, Plaintiff alleges that his First Amendment right of access to the courts was

2   violated by the County Attorney's notice to vacate the preliminary hearing and the court's

3   vacatur of the preliminary hearing, after Plaintiff was indicted, because he was denied a

4   preliminary hearing prior to his indictment.  The right of meaningful access to the courts

5   prohibits state officials from actively interfering with an inmate's attempt to prepare or file

6   legal documents.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  That right, however, only

7   encompasses the ability to bring petitions or complaints to federal court and not to discover

8   or even effectively litigate such claims once filed with a court.  Id. at 354; see also Cornett

9   v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that

10  a habeas petition or civil rights complaint of a person in state custody will reach a court for

11  consideration.")  The right "guarantees no particular methodology but rather the conferral

12  of a capability — the capability of bringing contemplated challenges to sentences or

13  conditions of confinement before the courts."  Lewis, 518 U.S. at 356.  Further, the denial

14  of access to a paralegal or use of a law library is not actionable if there is no claim of

15  prejudice to an existing or future legal action.  Id. at 351-53.  That is, an inmate must

16  establish that he suffered an "actual injury" when he alleges that he was denied access to a

17  paralegal or a law library.  See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  An

18  "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such

19  as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348.  In

20  other words, a plaintiff must allege facts to support that a defendant's conduct prevented him

21  from bringing to court a non-frivolous claim that he wished to present.  Id. at 351-53.  With

22  respect to access to the courts in criminal proceedings, the appointment of counsel satisfies

23  the obligation of access to the courts.  See United States v. Wilson, 690 F.2d 1267, 1272 (9th

24  Cir. 1982) ("The offer of court-appointed counsel to represent [a defendant] satisfied the

25  Fifth Amendment obligation to provide meaningful access to the courts.").

26      Plaintiff acknowledges in his Complaint that he was represented by counsel in his

27  criminal proceedings.  Moreover, as discussed above, Plaintiff does not have a constitutional

28

right to a preliminary hearing,[10] and thus, Plaintiff fails to allege an "actual injury." Further, even if Plaintiff could state a claim for denial of access to the courts because a preliminary hearing was vacated, the claim would be subject to dismissal pursuant to the abstention doctrine. For these reasons, Count II will be dismissed for failure to state a claim.

### C.     Count III

In Count III, Plaintiff contends that the Arizona Constitution guarantees him a preliminary hearing and that the County Attorney's notice to vacate the preliminary hearing and the court's vacatur of the preliminary hearing violated his due process rights. This Count also fails to state a claim.

As discussed above, a preliminary hearing is not required under federal law. Plaintiff therefore fails to state a claim under § 1983 in Count III. Moreover, the Arizona Constitution provides in relevant part that, "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information *or* indictment; no person shall be prosecuted for felony *by information* without having had a preliminary examination before a magistrate or having waived such preliminary examination." Ariz. Const. ¶10, Art. 2, § 30 (emphasis added). Thus, the state constitution only confers a right to a preliminary hearing if a defendant is prosecuted by information. Plaintiff was prosecuted by indictment, not an information. Further, "[a] supervening indictment eliminates a defendant's right to a preliminary hearing on a prior complaint." Segura, 2008 WL 1822308 at * 5. Count III will be dismissed for failure to state a claim.

### CONCLUSION

For the reasons discussed, Plaintiff fails to state a federal constitutional claim for relief in his Complaint. Because the allegation of additional facts cannot cure the deficiencies cited herein, Plaintiff's Complaint and this action will be dismissed without leave to amend.

**IT IS ORDERED:**

---

[10]  4 Wayne R. LaFave, et al., Criminal Procedure, § 14.2(a) (3d ed. 2008).

1         (1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,

2    is **GRANTED**.  (Doc.# 3.)

3         (2)     As required by the accompanying Order to the appropriate government agency,

4    Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

5         (3)     The Complaint is **DISMISSED** for failure to state a claim without leave to

6    amend. (Doc.# 1.)

7         (4)     The Clerk of Court must enter a judgment of dismissal of this action with

8    prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

9         DATED this 5th day of January, 2009.

10

11

12

13    Stephen M. McNamee
        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -